UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EASTRIDGE PERSONNEL OF LAS VEGAS, INC., )
)
)
)                                               Case No. 2:06-cv-00776-KJD-PAL
)
                        Plaintiff,   )          **ORDER**
)
vs.                                  )
)                                               (M/Compel - #21)
KIM DU-ORPILLA, et al.,              )          (M/Compel - #26)
)
                        Defendants.  )
_____  )

This matter came before the court for hearing on April 24, 2007 on plaintiff's Motion to Compel (#21), which was supported by the Affidavit of Joshua L. Harmon (#22). Defendant filed an Opposition (#25). The court also considered Defendant's Motion to Compel (#26). The plaintiff did not file a response to defendant's motion to compel, or request an extension of time in which to file a response, and the time for filing a response ran. Lori Nacht appeared on behalf of the plaintiff, and Alex Fugazzi appeared on behalf of the defendant.

The court heard argument from the parties on the plaintiff's motion to compel, and having reviewed and considered the moving and responsive papers, and the representations of defense counsel as an officer of the court, the court finds the defendant has produced documents responsive to Request for Production #11 and #12 within her care, custody, and control. The court further finds that the documents which are the subject of plaintiff's motion are not in defendant's care, custody, and control as those terms are defined under prevailing Ninth Circuit law. See, United States v. International Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as a legal right to obtain documents upon demand."). As an employee of a non-party, the court may not order her

///

to produce documents that she does not have a legal right to obtain. <u>In re Citric Acid Litigation v. Archer Daniels Midland, Co.</u>, 191 F.3d 1090, 1108 (9th Cir. 1999). Accordingly, plaintiff's motion to compel is denied.

With respect to Defendant's Motion to Compel (#26), plaintiff did not file a timely response, or request an extension of time in which to file a response. By operation of Local Rule 7-2(d) "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Additionally, although counsel for plaintiff represented to the court that a staffing change in the office of plaintiff's counsel resulted in the inadvertent failure to respond because lead counsel was not aware the motion had been filed, in plaintiff's opposition to defendant's motion to compel, plaintiff repeatedly referred to defendant's motion to compel. Moreover, on the merits, having reviewed the discovery responses at issue in defendant's motion to compel, the court finds that plaintiff's responses are grossly inadequate, evasive and non-responsive. The court further finds that plaintiff's boilerplate objections were insufficient, as a matter of law, to preserve the objections, and plaintiff has provided no privileged document log to substantiate its privilege objections. Plaintiff has failed to provide defendant routine discovery designed to identify the bases for plaintiff's complaint allegations, averments in plaintiff's emergency motion for a temporary restraining order, and has failed to identify responsive documents and witnesses to support the plaintiff's claims. Instead, although plaintiff supplemented defendant's written discovery requests and withdrew some objections, plaintiff has not provided a substantive answer to a single written discovery request defendant propounded.

An illustrative example is Interrogatory #5 which sought the identification and description of facts and circumstances and identities of individuals supporting the plaintiff's statement on Page 9 of its emergency motion for temporary restraining order that plaintiff was "aware of at least twenty-three pharmacy professionals, who were previously placed by Eastridge, but who are now refusing to be placed by Eastridge. . . . Du-Orphilla had contact with each and everyone of these individuals while she was employed by Eastridge." Plaintiff responded to this routine contention interrogatory by interposing a litany of boilerplate objections that it sought "confidential business, financial or other proprietary or trade secret information protected by law. . . . infringes upon the attorney-client privilege, the work

1  product rule, or Plaintiff's right to privacy . . . is compound and/or disjunctive.  Subject to the
2  proceeding objections, to the extent Plaintiff understands this interrogatory, Plaintiff responds as
3  follows: Plaintiff refers defendants to its initial disclosures."  The court finds that plaintiff's responses
4  to defendant's written discovery requests are inadequate, insufficient, evasive and incomplete and the
5  antithesis of the liberal discovery obligations of the parties recognized by the Federal Rules of Civil
6  Procedure.  Defendant's motion to compel is, therefore, granted.
7        Fed. R. Civ. P. 37(b)(2)(D) provides that the court shall award reasonable expenses, including
8  attorney's fees caused by a party's failure to comply with its discovery obligations unless the court finds
9  that the failure was substantially justified or that other circumstances make an award of expenses
10 unjust.  Fed. R. Civ. P. 37(b)(2).
11       Having reviewed and considered these matters,
12       **IT IS ORDERED**:
13       1.    Plaintiff's Motion to Compel (#21) is DENIED.
14       2.    Defendant's Motion to Compel (#26) is GRANTED.
15       3.    Plaintiff shall **no later than 4:00 p.m., May 10, 2007**, supplement its responses to
16            interrogatories, requests for production of documents and requests for admissions,
17            without objections.  Plaintiff may, however, preserve its objections to any responsive
18            documents covered by the attorney-client privilege by serving a privileged document log
19            which fully complies with the requirements of Fed. R. Civ. P. 26(b)(5)(A) **no later than**
20            **4:00 p.m., May 10, 2007.**  Failure to comply with this order will result in the imposition
21            of additional sanctions.
22       4.    Plaintiff shall be precluded from supporting its claims, and shall be further be prohibited
23            from introducing any documents or items of physical evidence not identified and
24            disclosed in its written discovery responses.
25       5.    Plaintiff shall be precluded from calling any witness not timely disclosed in accordance
26            with this order.
27       6.    Counsel for defendant shall **no later than 4:00 p.m., May 25, 2007,** serve and file a
28            memorandum, supported by the affidavit of counsel, establishing the amount of

attorneys' fees and costs incurred in bringing its motion.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

7. Counsel for plaintiffs shall have **15 days from service of the memorandum of costs and attorneys' fees** in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

8. Failure to fully and completely comply with this order may result in further imposition of sanctions, up to and including a recommendation to the district judge of case dispositive sanctions.

9. This matter is set for hearing on **June 5, 2007 at 9:00 a.m.**  At the hearing, the court will consider defendant's application for costs and attorney's fees, and any disputes between the parties concerning the adequacy of the plaintiff's compliance with this order.

Dated this 24th day of April, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE